**Rustom ALI; et al., Petitioners,**

v.

**UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.**

No. 06–72265.

United States Court of Appeals,
Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Aug. 13, 2007.*

Filed Aug. 23, 2007.

Rustom Ali, Phoenix, AZ, pro se.

Department of Health & Human Services, San Francisco, CA, for Respondent.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

### MEMORANDUM **

Rustom Ali and his wife, Jahan Ferdous, appeal pro se from the final decision of the Departmental Appeals Board ("DAB") of the Department of Health and Human Services ("HHS") upholding the revocation of the Scottsdale Medical Laboratory's ("SML") certificate of registration issued under the Clinical Laboratory Improvement Amendments ("CLIA") of 1988. We have jurisdiction under 42 U.S.C. § 263a(k)(1). We review for abuse of discretion, *Wash. State Health Facilities, Ass'n v. State of Wash., Dept. of Soc. and Health Servs.*, 879 F.2d 677, 681 (9th Cir. 1989), and we deny the petition.

The DAB did not abuse its discretion by upholding the agency's finding that SML committed two condition-level violations. *See* 42 C.F.R. §§ 493.1101 (laboratory requirements), 493.1701 (quality assurance standards) (2000); *Wash. State Health Facilities, Ass'n.*, 879 F.2d at 681 ("[A]gency's interpretation of its own regulations is entitled to a high degree of deference and will be upheld as long as it is not plainly erroneous or inconsistent with the regulation."). Thus, HHS was authorized to revoke SML's CLIA certificate. *See* 42 C.F.R. § 493.1806(b) (enumerating revocation of CLIA certification as an appropriate sanction for condition-level violations); 42 C.F.R. § 493.1806(c) (allowing for intermediate sanctions "in addition to" principal sanctions).

Ali's remaining contentions are unpersuasive.

Ali's motion to file a reply brief is granted. The Clerk shall file the brief received on April 4, 2007.

Ali's February 26, 2007 "motion" is denied.

**PETITION DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument, and thus, we deny Ali's motion for oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.